UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
Case No.:

INGER MIDDLEBROOKS,

    Plaintiff,

v.

TRINET USA, INC.,

    Defendant.

## COMPLAINT

Plaintiff INGER MIDDLEBROOKS (the "Plaintiff") sues Defendant TRINET USA, INC. (the "Defendant") for damages arising from the Defendant's violations of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA") and for racial discrimination under 42 USC 1981. In support of this Complaint, Plaintiff states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff is an adult resident of Sarasota County, Florida, who was an employee of Defendant at all relevant times, performing work in Sarasota County, Florida.

2. Defendant is a Florida corporation doing business in Sarasota County, Florida, with its principal place of business located at 1 Park Place, Suite 600,

Dublin, California 94568. At all times relevant, Defendant conducted business in Sarasota County, Florida.

3. This action involves the application of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA"). This is also an action for race discrimination under 42 U.S.C. § 1981.

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(3) and (4) and 28 U.S.C. § 2617.

5. The Defendant is a corporation duly authorized and existing under the laws of the State of Florida and conducting business in Sarasota County, Florida.

6. The Plaintiff is a resident of Sarasota County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the Act.

7. At all times material to this Complaint, the Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

8. The Defendant is a company conducting business in Sarasota County, Florida, and having a place of business at 9000 Town Center Parkway, Lakewood Ranch, FL 34202, where Plaintiff worked for the Defendant.

9. At all times material hereto, Defendant was and is engaged in interstate commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more

calendar weeks in each calendar year relevant hereto. At all times material, the Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

10. The acts or omissions giving rise to this Complaint occurred in whole or in part in Sarasota County, Florida.

11. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district and because the Defendant has its principal place of business within the district, resides in the judicial district and because the employment records of the Plaintiff are stored or have been administered, in Sarasota County, Florida.

## GENERAL FACTUAL ALLEGATIONS

12. Plaintiff is a 59-year-old disabled African American woman.

13. Plaintiff is a member of the protected class of African American citizens.

14. At all times material, the Plaintiff was employed by the Defendant as Inside Sales Representative ("ISR") from 2018 until her wrongful termination on April 14, 2022.

15. Throughout her employment, Plaintiff achieved numerous milestones set by the Defendant, and, as a result, Plaintiff has received numerous awards from the Defendant. Consequently, the Plaintiff was an exemplary employee, performed her work admirably and was revered by her colleagues with whom she worked.

16. The Plaintiff performed her duties in a satisfactory manner and was never written up by the Defendant for her job performance.

17. Although Plaintiff performed her job well, shortly after the beginning of her employment she noticed that the Defendant treated her different than other similarly situated non-African American employees. For instance, throughout Plaintiff's employment, Defendant failed to promote Plaintiff to positions she was qualified to perform and applied for, and instead promoted Plaintiff's Caucasian co-workers.

18. Repeatedly, Plaintiff complained to Defendant and inquired as to why she was not promoted despite her application and qualifications. Then, in response to Plaintiff's many inquiries, one of Defendant's hiring managers informed Plaintiff that although she wanted to hire Plaintiff, her decision was over-ruled by upper management. Plaintiff was informed that even if she applied for a promotion in the future, she would be turned down. Based on information and belief, all upper management individuals were Caucasian or non-African American.

19. Plaintiff complained to Defendant about the discriminatory practices, but the disparate treatment continued and intensified.

20. Throughout her employment, Plaintiff observed that her Caucasian co-workers were not subjected to the same type of micromanagement and harassment. From during or around April 2020, Defendant placed unrealistic and

unachievable performance markers or goals before her, while her Caucasian co-workers were not given the same performance benchmarks.

21. Defendant additionally reassigned the sales territory initially given to the Plaintiff, and successfully built up by Plaintiff, to Plaintiff's Caucasian co-worker. Once Plaintiff was assigned to a new territory and successfully performing, Plaintiff was made to assign her successful accounts to her Caucasian co-worker. This discriminatory act by Defendant ultimately decreased Plaintiff's success and salary and increased the success and salary of her Caucasian coworkers.

22. Defendant also set forth effort to sabotage Plaintiff and went as far as causing and/or failing to correct system tool errors affecting Plaintiff's assigned accounts, which made it difficult for Plaintiff to generate a suitable sales volume and nearly impossible for Plaintiff to achieve her performance goals.

23. Plaintiff complained but Defendant's discriminatory and harassing conduct continued.

24. The Plaintiff also noticed that her Caucasian co-workers were not disciplined as Plaintiff was unfairly disciplined.

25. Moreover, throughout Plaintiff's employment, Defendant repeatedly made derogatory and discriminatory comments and statements to her, or acts toward her, regarding and related to her race. Plaintiff believes that Defendant's wrongful conduct toward her was due to her race.

26. All of Plaintiff's supervisors were Caucasian.

27. Again, Plaintiff complained about Defendant's wrongful and discriminatory treatment toward her, but nothing was done. Defendant's discriminatory conduct continued.

28. Sadly, in year 2020, Plaintiff became aware of the death of a close family member, which left her severely distressed, depressed, and anxious. This severe medical condition made Plaintiff disabled and entitled Plaintiff to disability benefits from Defendant. Plaintiff immediately informed Defendant of her severe medical condition.

29. Plaintiff's severe medical condition required that she take time off from work from January 2020 through April 2020.

30. Plaintiff returned to work in or around April 2020, and shortly after her return to work, her supervisors continued with their discriminatory conduct but also began to micromanage Plaintiff's work and to harass Plaintiff. Clearly, the Defendant worsened its conduct toward Plaintiff.

31. Again, Plaintiff complained about Defendant's wrongful, discriminatory, and retaliatory conduct, and again, nothing was done to end Defendant's conduct toward Plaintiff.

32. Defendant's wrongful, discriminatory, retaliatory, and harassing behavior toward Plaintiff exacerbated her condition, which materialized into future episodes related to her severe medical condition.

33. Consequently, Plaintiff's severe medical condition was exacerbated, and once again rendered her unable to work, requiring her to seek leave from work from during or around June 1, 2021.

34. Upon Plaintiff's return to work during or around January 2022, Defendant continued in its wrongful, discriminatory, retaliatory, and harassing conduct toward Plaintiff, and immediately placed Plaintiff on a Performance Improvement Plan ("PIP"). Defendant's conduct toward Plaintiff was clearly discriminatory and retaliatory.

35. Defendant assigned Plaintiff low-level accounts and territories, making it impossible for Plaintiff to achieve the performance goals outlined in the PIP, while assigning the high-level accounts and territories to her Caucasian co-workers.

36. Defendant also berated Plaintiff in meetings and disregarded and ignored Plaintiff's requests for assistance.

37. Throughout Plaintiff's employment, Plaintiff noticed that Defendant did not discriminate, retaliate and harass her coworkers who were not African American, and/or who had not taken FMLA leave.

38. Plaintiff believes that Defendant's wrongful conduct toward her was due to her race and her requests to take FMLA leave.

39. Plaintiff, complained repeatedly about Defendant's wrongful treatment, discrimination, retaliation and harassment, and nothing was done to end Defendant's conduct toward Plaintiff.

40. After the Plaintiff complained, Plaintiff's supervisors' harassment, retaliatory and discriminatory actions amplified.

41. Despite Defendant's wrongful conduct toward Plaintiff, she continued to successfully perform her job well, and continued to close complex deals.

42. Nevertheless, Defendant's wrongful conduct toward Plaintiff continued to worsen until, on or about April 14, 2022, when Defendant terminated Plaintiff's employment.

43. The discrimination, retaliation and harassment endured by Plaintiff throughout her employment with Defendant caused and continues to cause Plaintiff to suffer from severe stress and multiple related health issues.

44. Plaintiff believes she has been discriminated and retaliated against, and harassed, due to her race and her serious medical condition which required her to seek and take FMLA leave.

45. The Plaintiff worked for the Defendant for at least 12 months before the date any FMLA leave was to begin.

46. The Plaintiff worked for the Defendant for at least 1,250 hours during the 12-month period before the date any FMLA leave was to begin.

47. The Plaintiff was entitled to FMLA leave because she had an FMLA-qualifying reason. Specifically, Plaintiff had a serious medical condition that prevented Plaintiff from performing the functions of her job.

48. At all times relevant, the Defendant was aware of Plaintiff's serious medical condition.

49. All conditions precedent to bringing this action have occurred, been performed or been excused.

50. The Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

### COUNT I: RACE DISCRIMINATION (DISPARATE TREATMENT) – 42 U.S.C.A. § 1981

51. The Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 to 50 of this Complaint.

52. The Plaintiff is a member of a protected class of African American citizens.

53. At all times relevant, the Plaintiff was in a contractual relationship with Defendant within the meaning of 42 U.S.C.A. § 1981, as amended.

54. During the course of the Plaintiff's employment with Defendant, the Defendant have violated the Plaintiff's rights by depriving her of her right to the enjoyment of all benefits, privileges, terms and conditions of her employment

contract as is enjoyed by Caucasian or non-African American citizens, in violation of 42 U.S.C.A. § 1981(b), as amended.

55. During the course of the Plaintiff's employment with Defendant, the Plaintiff has not enjoyed the same benefits, privileges, terms and conditions of employment, as have Caucasian or non-African American employees of the Defendant.

56. The Defendant's treatment, practices and policies directed toward the Plaintiff, as more fully described in paragraphs 11 - 39 of this Complaint, denied the Plaintiff the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by Caucasian or non-African American citizens, in violation of 42 U.S.C.A. § 1981, as amended.

57. The Defendant's treatment, practices and policies directed toward the Plaintiff, as more fully described in paragraphs 11 - 39, denied the Plaintiff the right to make and enforce contracts as enjoyed by Caucasian or non-African American citizens, in violation of 42 U.S.C.A. § 1981, as amended.

58. Through their actions and treatment of the Plaintiff, the Defendant intended to discriminate against the Plaintiff on the basis of the Plaintiff's race and ancestry.

59. During the course of the Plaintiff's employment with Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work

environment because of her race, as more fully described in paragraphs 10 - 35 of this Complaint.

60. Defendant, at all times, had knowledge of the discriminatory acts and conduct of Plaintiff's supervisors and of all other discriminatory actions described in paragraphs 12 - 50 above.

61. Despite Defendant's knowledge of the ongoing discrimination, it failed to take remedial action.

62. Defendant knowingly and willfully violated the law. Defendant acted with malice and with reckless indifference to the Plaintiff's rights and emotional and physical well-being.

63. As a direct and proximate result of the foregoing, the Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

64. The Plaintiff has suffered damages of an on-going and continuous nature.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Enter judgment in the Plaintiff's favor and against the Defendant for their violations of 42 U.S.C.A. § 1981, as amended;

b. Award the Plaintiff actual damages suffered;

c. Award the Plaintiff compensatory damages under 42 U.S.C.A. § 1981 for the embarrassment, anxiety, humiliation and emotional distress the Plaintiff has suffered;

d. Award the Plaintiff prejudgment interest on her damages award;

  e. Award the Plaintiff punitive damages;

  f. Enjoin the Defendant, their officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against the Plaintiff and any employee;

  g. Award the Plaintiff reasonable costs and attorneys' fees; and

  h. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT II: RACE DISCRIMINATION (RETALIATION) – 42 U.S.C.A. § 1981

65. The Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 to 50 of this Complaint.

66. The Plaintiff is a member of a protected class of African American citizens.

67. At all times relevant, the Plaintiff was in a contractual relationship with Defendant within the meaning of 42 U.S.C.A. § 1981, as amended.

68. During the course of the Plaintiff's employment with Defendant, the Defendant have violated Plaintiff's rights by depriving her of her right to the enjoyment of all benefits, privileges, terms and conditions of her employment contract as is enjoyed by Caucasian or non-African American, in violation of 42 U.S.C.A. § 1981(b), as amended.

69. During the course of the Plaintiff's employment with Defendant, the Plaintiff has not enjoyed the same benefits, privileges, terms and conditions of employment, as have Caucasian or non-African American of the Defendant.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800  Telephone: 305.503.5131
Aventura, Florida 33180  Facsimile: 888.270.5549

70. The Defendant's treatment, practices and policies directed toward the Plaintiff, as more fully described in paragraphs 11 - 39 of this Complaint, denied the Plaintiff the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by Caucasian or non-African American, in violation of 42 U.S.C.A. § 1981, as amended.

71. The Defendant's treatment, practices and policies directed toward the Plaintiff, as more fully described in paragraphs 12 - 50, denied the Plaintiff the right to make and enforce contracts as enjoyed by Caucasian or Defendant, in violation of 42 U.S.C.A. § 1981, as amended.

72. Through their actions and treatment of the Plaintiff, the Defendant intended to discriminate against the Plaintiff on the basis of the Plaintiff's race and ancestry.

73. Despite Defendant's knowledge of the ongoing discrimination, it failed to take remedial action.

74. Plaintiff complained about race discrimination.

75. In response, the Defendant terminated Plaintiff's employment.

76. Defendant knowingly and willfully violated the law. Defendant acted with malice and with reckless indifference to the Plaintiff's rights and emotional and physical well-being.

77. As a direct and proximate result of the foregoing, the Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

78. The Plaintiff has suffered damages of an on-going and continuous nature.

WHEREFORE, the Plaintiff requests that this Honorable Court:

a. Enter judgment in the Plaintiff's favor and against the Defendant for their violations of 42 U.S.C.A. § 1981, as amended;

b. Award the Plaintiff actual damages suffered;

c. Award the Plaintiff compensatory damages under 42 U.S.C.A. § 1981 for the embarrassment, anxiety, humiliation and emotional distress the Plaintiff has suffered;

d. Award the Plaintiff prejudgment interest on her damages award;

e. Award Plaintiff punitive damages;

f. Enjoin the Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against the Plaintiff and any employee;

g. Award the Plaintiff reasonable costs and attorneys' fees; and

h. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT III: RACE DISCRIMINATION
## (HOSTILE WORK ENVIRONMENT) – 42 U.S.C.A. § 1981

79. The Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 to 50 of this Complaint.

80. The Plaintiff is a member of a protected class of African American citizens.

81. At all times relevant, the Plaintiff was in a contractual relationship with Defendant within the meaning of 42 U.S.C.A. § 1981, as amended.

82. During the course of the Plaintiff's employment with Defendant, the Defendant have violated the Plaintiff's rights by depriving her of her right to the enjoyment of all benefits, privileges, terms and conditions of her employment contract as is enjoyed by Caucasian or non-African American, in violation of 42 U.S.C.A. § 1981(b), as amended.

83. During the course of the Plaintiff's employment with Defendant, the Plaintiff has not enjoyed the same benefits, privileges, terms and conditions of employment, as have Caucasian or non-African American of the Defendant.

84. The Defendant's treatment, practices and policies directed toward the Plaintiff, as more fully described in paragraphs 12 - 50 of this Complaint, denied the Plaintiff the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by Caucasian or non-African American, in violation of 42 U.S.C.A. § 1981, as amended.

85. The Defendant's treatment, practices and policies directed toward the Plaintiff, as more fully described in paragraphs 12 - 50, denied the Plaintiff the right to make and enforce contracts as enjoyed by Caucasian or non-African American, in violation of 42 U.S.C.A. § 1981, as amended.

86. Through their actions and treatment of the Plaintiff, the Defendant intended to discriminate against the Plaintiff on the basis of the Plaintiff's race and ancestry.

87. During the course of the Plaintiff's employment with Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her race, as more fully described in paragraphs 12 - 50 of this Complaint.

88. Defendant, at all times, had knowledge of the discriminatory acts and conduct of Defendant's supervisors and of all other discriminatory actions described in paragraphs 12 - 50 above.

89. Despite Defendant's knowledge of the ongoing discrimination, it failed to take remedial action.

90. Defendant knowingly and willfully violated the law. Defendant acted with malice and with reckless indifference to the Plaintiff's rights and emotional and physical well-being.

91. As a direct and proximate result of the foregoing, the Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

92. The Plaintiff has suffered damages of an on-going and continuous nature.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Enter judgment in the Plaintiff's favor and against the Defendant for their violations of 42 U.S.C.A. § 1981, as amended;

b. Award the Plaintiff actual damages suffered;

c. Award the Plaintiff compensatory damages under 42 U.S.C.A. § 1981 for the embarrassment, anxiety, humiliation and emotional distress the Plaintiff has suffered;

d. Award the Plaintiff prejudgment interest on her damages award;

e. Award the Plaintiff punitive damages;

f. Enjoin the Defendant, their officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against the Plaintiff and any employee;

g. Award the Plaintiff reasonable costs and attorneys' fees; and

h. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT IV: RETALIATION (FMLA)

93. The Plaintiff repeats and re-alleges paragraphs 1 - 50 as if fully stated herein.

94. The Plaintiff was entitled to FMLA leave because she had an FMLA-qualifying reason. Specifically, the Plaintiff had a serious health condition that prevented Plaintiff from performing the functions of her job.

95. At all times material, the Plaintiff gave proper notice to the Defendant by informing the Defendant of her qualifying reason.

96. The Plaintiff provided enough information for the Defendant to know that her leave was covered by the FMLA.

97. The Defendant was aware of the Plaintiff's qualifying reason.

98. At all times material hereto, the Plaintiff communicated with the Defendant regarding her medical condition.

99. Despite its knowledge of the Plaintiff's medical condition, the Defendant retaliated against Plaintiff for taking FMLA leave, when Defendant placed unrealistic and unachievable performance markers or goals before her, reassigned Plaintiff's high level and successful sales territory and accounts, wrongfully placed Plaintiff on a PIP, and micromanaged and berated Plaintiff, as is more fully described in paragraphs 28 – 50 of this Complaint.

100. Then, the Defendant ultimately terminated Plaintiff following Plaintiff's request for and taking of FMLA leave.

101. The Defendant has intentionally engaged in unlawful employment practices in violation of the FMLA, by retaliating against the Plaintiff for having taken leave under the FMLA.

102. The Plaintiff's medical leave pursuant to the FMLA was a direct and proximate cause of her termination from employment with the Defendant.

103. The effect of the practice complained of above has been to deprive the Plaintiff of equal employment opportunities and, in fact, her employment, because of such complaint.

104. As a direct and proximate result of the intentional violations by the Defendant of the Plaintiff's rights under the FMLA, by retaliating against her by

terminating her employment for having taken FMLA medical leave, the Plaintiff has been damaged in that the Plaintiff lost, inter alia, wages, other compensation, and benefits, including health insurance.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the FMLA;

b. Award the Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c. Award the Plaintiff liquidated damages based on the Defendant's conduct;

d. Award the Plaintiff prejudgment interest on her damages award;

e. Award the Plaintiff reasonable costs and attorneys' fees;

f. Award the Plaintiff any further relief pursuant to the FMLA; and,

g. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## JURY TRIAL DEMAND

The Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: June 21, 2023.

Respectfully submitted,

**By: /s/ Tanesha W. Blye**
Tanesha W. Blye, Esq. (FBN: 738158)
*Lead Counsel*
Email: tblye@saenzanderson.com

Max L. Horowitz, Esq. (FBN: 118269)
Email: Max@saenzanderson.com

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                  Facsimile: 888.270.5549

R. Martin Saenz, Esq. (FBN: 640166)
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549

*Counsel for Plaintiff*